# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

  **v.**           **Case No. 12-CV-01036**

**RANDALL VAN ENKEVORT,**
**BRADLEY VAN ENKEVORT,**
**WISCONSIN DEPARTMENT OF REVENUE,**
**and BAYCARE AURORA, LLC,**
      **Defendants.**

---

## DECISION AND ORDER

Plaintiff, the United States of America, filed this lawsuit against defendant Randall Van Enkevort ("defendant") to reduce to judgment certain unpaid federal tax assessments made against defendant and foreclose on federal tax liens. The tax liens are on a parcel of land located in Waupaca, County, Wisconsin. Defendant owns one half of the parcel of land, and Bradley Van Enkevort owns the other half. Plaintiff named Bradley Van Enkevort as a defendant on account of his interest in the land. Plaintiff also named the Wisconsin Department of Revenue ("WDOR") and Baycare Aurora, LLC ("Baycare") as defendants because they also have liens on the real property.

Count I of the complaint seeks to reduce to judgment income tax assessments against defendant in the amount of $235,870.28, plus interest and statutory additions according to law from June 25, 2012, until paid. Count II seeks to reduce to judgment trust fund penalty assessments against defendant in the amount of $116,343.61, plus additional accruals in accordance with law, related to defendant's work with Excel Coating Inc. and

Excel Coatings of Utah Inc. in Clintonville, Wisconsin. Defendant concedes that he owes both of these debts, and he has stipulated to the entry of judgment on Counts I and II.

The last count of the complaint, Count III, is the claim for foreclosure of the tax liens on defendant's real property. If the property is sold, the parties agree that Bradley Van Enkevort is entitled to one half of the proceeds from any sale, and plaintiff and the WDOR and Baycare have reached a stipulation as to the priority of their liens on the other half of the proceeds. (*See* Stipulation as to the Priority of Liens, ECF No. 24.) Thus, the only question is whether or not the property should be sold to pay defendant's tax debts.

On August 30, 2013, plaintiff filed a motion for summary judgment on the lien foreclosure claim and asked the court to order a sale of defendant's real property and to distribute the net sale proceeds in accordance with the parties' respective interests. Defendant's counsel filed a letter on September 30, 2013, indicating that he was not going to file a brief in opposition to the motion, and Bradley Van Enkevort has not filed any response. Therefore, the motion is unopposed and I will grant it. *See* Civil L.R. 7(d) (E.D. Wis.) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion.").

I will give plaintiff 14 days to file a proposed judgment that addresses the tax debts owed under Counts I and II of the complaint and the foreclosure of the tax liens under Count III. The proposed judgment should set out all of the details necessary to comply with federal law governing judicial sales of real property. *See* 28 U.S.C. § 2001, 2002. I will give the other parties 14 days from the date plaintiff files its proposed judgment to file any objections to the form of the judgment, and I will review any objections before entering final judgment.

2

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment on Count III of the complaint (Docket #25) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff has **14 days** from the date of this order to submit a proposed judgment on Counts I and II of the complaint and judgment of foreclosure under Count III. The other parties have **14 days** from the date plaintiff submits the proposed judgment to file objections to it.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2013.


s/ Lynn Adelman
LYNN ADELMAN
District Judge

Case 2:12-cv-01036-LA   Filed 11/27/13   Page 3 of 3   Document 33